UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HANLET DARIO MEJIA ALVAREZ,<br>    Petitioner,<br><br>    v.<br><br>DAVID WESLING, Field Office Director of Enforcement and Removal Operations, Boston Field Office, U.S. Immigration and Customs Enforcement et al.,<br>    Respondents. | C.A. No. 26-cv-137-MRD-PAS |

ORDER

   Before the Court is Petitioner Hanlet Dario Mejia Alvarez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner claims that the Respondents failed to comply with the procedures for revoking release outlined in 8 C.F.R. § 241.4, and his due process rights for continuing to detain him when removal is not reasonably foreseeable.  *Id.* at 9–10.  The Court has reviewed the Respondents' Response to the petition, the additional memoranda from each party, all attached exhibits, and the case law relevant to the arguments before the Court.  ECF Nos. 7, 9, 11.  The Court held a remote hearing on Friday, March 13, 2026, granted the Petition, and explained its reasoning on the record.  The remainder of this Order will memorialize the Court's decision.

The Supreme Court has explained that the presumptive limit to reasonable duration of post-removal-period detention is six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Discussing the applicable framework, the Supreme Court explained:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* (internal citation omitted). Here, it is undisputed that Petitioner has been detained for over 6 months, since he was turned over from BOP custody to ICE custody on September 3, 2025. As Respondents explain, "[w]hat remains to be addressed is Petitioner's claim that a third party country has not been identified and removal is not likely in the reasonably foreseeable future." ECF No. 7 at 9. On that point, Respondents state that they "do not dispute that [a third-party country has not been identified] and at present, cannot, at this time, provide a time frame within which a third-party country will be identified." *Id.*

Given this admission and the strong indications that Respondents did not begin the process of identifying a third-party country until March 10, 2026, the Court has no difficulty finding that Respondents cannot show that there is a significant likelihood that Petitioner's removal will occur in the reasonably foreseeable future.

2

Therefore, the Petition for Writ of Habeas Corpus is GRANTED. This Court's March 13 Text Order releasing Petitioner on his most recent OSUP, releasing his property, and authorizing transfer to the ICE facility in Burlington, MA remains in effect.

While Petitioner is on supervised release, there is nothing in this Order to prevent Respondents from identifying a third-party country to accept Petitioner. If ICE identifies a third-party country, secures a travel document for Petitioner, and complies with its regulations and procedures for removal to a third-party country, then it may re-detain him for removal. *See Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023). The plain language of § 241.13(i)(2) "does not allow a court in the first instance to make the required individualized finding" that "based on changed circumstances, removal has become significantly likely in the reasonably foreseeable future." *Id.*

IT IS SO ORDERED.

/s/ Melissa R. Dubose
Melissa R. Dubose
United States District Judge

03/16/2026

3